IN THE MATTER OF DONNATHENE MONTGOMERY, SUSAN MAXWELL,
ANNETTE MAXWELL, AND DAVID MAXWELL, MINOR CHILDREN

No. 8511DC203

(Filed 19 November 1985)

1. **Parent and Child § 1.5— termination of parental rights—motion to modify order after appeal—evidence refused—motion denied—no abuse of discretion**

    The trial court did not abuse its discretion in an action to terminate parental rights by refusing to hear respondents' evidence on their motion to modify the termination of their rights for changed circumstances and by denying their motion after the Supreme Court upheld the termination. G.S. 7A-289.34, which permits modification of a termination order after appellate affirmation, does not create as a matter of right another review proceeding; the trial judge in this case had been involved since 1980 and had afforded respondents full due process in connection with the original petitions; he had heard considerable evidence and had had an opportunity to observe the parties and the witnesses; his judgments terminating respondents' parental rights were affirmed by the Supreme Court; he concluded when he declined to modify those judgments that it was in the best interests of the children that a permanent plan for their placement be provided and that a continuation of hearings and appeals would adversely affect those interests; and there was no forecast of evidence or offer of proof indicating otherwise. G.S. 7A-289.22(2); G.S. 7A-289.22(3).

2. **Parent and Child § 1.6— termination of parental rights—discontinuance of visitation—written psychiatric evaluation considered—no error**

    The trial court did not err at a hearing at which the Department of Social Services sought to terminate visitation between respondents and their children which had been allowed pending appeal of judgments terminating parental rights by admitting into evidence psychological evaluations of respondents and their minor children even though the psychologists who prepared the reports were not subject to cross-examination. A hearing upon a motion for review is in the nature of a dispositional hearing and formal rules of evidence do not apply; therefore, the trial court could properly consider the written psychological reports in determining whether the needs of the children would be best served by modification of its previous orders concerning visitation. Moreover, copies of the reports had been made available to respondents well in advance of the hearing and respondents had sufficient opportunity to secure the psychologists' voluntary presence at the hearing or to subpoena them. G.S. 7A-289.30(b), G.S. 7A-640.

3. **Parent and Child § 1.6— termination of parental rights—visitation discontinued—findings supported by evidence**

    The trial court's findings in an order ending visitation which had been allowed during appeal of an order terminating parental rights were supported by psychological evaluation reports, stipulations, and previous orders in the case.

**4. Parent and Child § 1— termination of parental rights—discontinuance of visitation allowed pending appeal—no error**

The trial court did not err by entering an order discontinuing visitation allowed pending appeal of an order terminating parental rights where the Supreme Court had affirmed the termination, the best interests of the children required that steps be taken leading to adoption, and the trial court properly concluded that visitation under such circumstances would not be in the best interests of the children. G.S. 7A-289.22(2).

APPEAL by respondents from *Greene, K. Edward, Judge*. Orders entered 19 October 1984 and 16 November 1984 in District Court, HARNETT County. Heard in the Court of Appeals 26 September 1985.

These proceedings were originally commenced when the Department of Social Services filed petitions to terminate the parental rights of respondents, Geraldine Montgomery and David Maxwell, in their four minor children. Judge Greene granted the petitions on 8 January 1982, terminating respondents' parental rights as to each child. Although the judgments were vacated on respondents' appeal to this court, the Supreme Court allowed discretionary review and subsequently reversed the decision of this court and reinstated the trial court's judgments terminating parental rights. *In re Montgomery*, 311 N.C. 101, 316 S.E. 2d 246 (1984).

Pending determination of the case in the appellate division, respondents had been granted visitation privileges with the children. On 9 July 1984, after the decision of the Supreme Court, petitioner filed a motion requesting that visitation between respondents and the children be terminated.

Respondents opposed the motion, and filed a motion under G.S. 7A-289.34 seeking modification of the original termination order due to a change in circumstances. On 19 October 1984 Judge Greene denied respondents' motion for modification. On 16 November 1984 the judge allowed petitioner's motion to discontinue visitation. Respondents appeal from both orders.

*Attorney General Lacy H. Thornburg by Assistant Attorney General Steven Mansfield Shaber, amicus curiae.*

*Woodall & Felmet, P.A. by E. Marshall Woodall for petitioner appellee.*

*O. Henry Willis, Jr. for respondent appellants.*

MARTIN, Judge.

By their appeal, respondents assert that the trial court's denial of their motion to modify the original judgments, without permitting them to offer evidence in support thereof, was error. They contend also that the subsequent order terminating visitation was not supported by competent evidence. We find no error with respect to either order.

[1] In their first assignment of error respondents contend that the trial judge erred by refusing to hear evidence on their motion to modify the termination of their parental rights and by denying their motion. Respondents' motion for modification alleged, as changed circumstances, (1) that Ms. Montgomery had undergone therapy and had substantially recovered from her mental problems; and (2) that the respondents had moved to a new home. The motion was not verified nor were any affidavits submitted in support of the allegations contained therein. In response to the motion, petitioners alleged that Ms. Montgomery had not substantially recovered from her mental disorder; and that the respondents' new home was too small and not sufficiently furnished to constitute a suitable environment for the children. At the hearing on the motion on 19 October 1984 Judge Greene heard statements of counsel for respondents and petitioner, and made findings of fact and conclusions of law, *inter alia,* that G.S. 7A-289.34 does not require the court to consider modification of its original order or to hear evidence in support of a motion for modification; that G.S. 7A-289.22(2) expresses the legislative purpose of Article 24B "to recognize the necessity for any child to have a permanent plan of care at the earliest possible age"; that the children have been continuously in a foster home for four years; and that it is in the best interest of the children that the original termination order not be modified. The court denied the motion.

There is a fundamental constitutionally protected liberty interest of natural parents in the care, custody and management of their children. *Santosky v. Kramer,* 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed. 2d 599 (1982). Before parental rights can be permanently terminated, due process requires that the State support its allegations at least by clear and convincing evidence. *Id.* North Carolina requires the equivalent standard of "clear, cogent, and convincing evidence." G.S. 7A-289.30(e); *In re Montgomery,* 311 N.C. 101, 316

S.E. 2d 246 (1984). However, General Statute 7A-289.33 provides that "[a]n order terminating the parental rights completely and permanently terminates all rights and obligations of the parent to the child and of the child to the parent . . . ." Since respondents' parental rights were permanently terminated, *In re Montgomery, supra,* they no longer have any constitutionally protected interest in the four minor children.

The statute under which respondents brought their action for modification provides as follows:

§ 7A-289.34. Appeals; modification of order after affirmation.

Any child, parent, guardian, custodian or agency who is a party to a proceeding under this Article may appeal from an adjudication or any order of disposition to the Court of Appeals, provided that notice of appeal is given in open court at the time of the hearing or in writing within 10 days after the hearing. Pending disposition of an appeal, the court may enter such temporary order affecting the custody or placement of the child as the court finds to be in the best interest of the child or the best interest of the State. Upon the affirmation of the order of adjudication or disposition of the district court in a juvenile case by the Court of Appeals, or by the Supreme Court in the event of such an appeal, the district court shall have authority to modify or alter its original order of adjudication or disposition as the court finds to be in the best interest of the child to reflect any adjustment made by the child or change in circumstances during the period of time the case on appeal was pending, provided that if such modifying order be entered ex parte, the court shall give notice to interested parties to show cause, if any there be, within 10 days thereafter, as to why said modifying order should be vacated or altered.

We do not interpret this statute as creating, as a matter of a right, another review proceeding of an order terminating parental rights. Rather, the statute allows the District Court, in its discretion, to modify the original order to reflect any change in circumstances or adjustment by the child while the case on appeal was pending. In other words, although all parental rights have been permanently terminated, the District Court, in its discretion,

may modify or vacate the order due to changed circumstances. When a motion for modification is made, pursuant to G.S. 7A-289.34, it is likewise within the discretion of the court to hear, or to decline to hear, evidence in support of the motion. Unless the refusal to take additional evidence amounts to an abuse of discretion, the trial court's exercise of its discretion in excluding such evidence should not be disturbed on appeal.

When error is assigned to the exclusion of evidence, the record must show what the substance of the excluded evidence would have been. 1 Brandis on North Carolina Evidence § 26 (2d ed. 1982); *State v. Satterfield*, 300 N.C. 621, 268 S.E. 2d 510 (1980). Since the record in this case is bereft of any forecast of evidence showing a material change in circumstances, and no offer of proof was made to show an appellate court what evidence respondents sought to put before the trial court in support of their motion, we cannot say that the trial judge abused his discretion in declining to hear evidence on respondents' motion for modification.

Nor do we find that the court abused its discretion by denying respondents' motion and refusing to modify its previous judgments terminating their parental rights. In controversies regarding child neglect and custody, "the best interest of the child is the polar star." *In re Montgomery, supra*, at 109, 316 S.E. 2d at 251. The legislature expressed its intent that the best interests of the child are controlling by recognizing "the necessity for any child to have a permanent plan of care at the earliest possible age," G.S. 7A-289.22(2), and by providing that "[a]ction which is in the best interests of the child should be taken in all cases where the interests of the child and those of his or her parents or other persons are in conflict." G.S. 7A-289.22(3). Judge Greene had been involved in these proceedings since 1980 and had afforded respondents full due process in connection with the original petitions. He had heard considerable evidence and had had an opportunity to observe the parties and the witnesses. Subsequently, his judgments terminating respondents' parental rights were affirmed by our Supreme Court. In declining to modify those judgments, Judge Greene concluded that it was in the best interests of the children that a permanent plan for their placement be provided and that a continuation of hearings and appeals would adversely affect those interests. The conclusions were made in the absence of any forecast of evidence or offer of

proof indicating otherwise. Thus, there was no reason for Judge Greene to exercise his discretion to modify the judgments terminating respondents' parental rights as there was no basis upon which to conclude that the best interests of the children would be served by doing so. This assignment of error is overruled.

[2]    By their second assignment of error, respondents contend that Judge Greene erred in admitting into evidence, at the 16 November 1984 hearing on petitioner's motion for review seeking a termination of visitation, reports of psychological evaluations of respondents and the minor children. Respondents contend that the reports should not have been admitted because they are hearsay and because the psychologists who prepared the reports were not subject to cross-examination.

The psychological evaluations were conducted in consequence of a court order entered 17 August 1984 upon motion, pursuant to G.S. 7A-289.30(b), by counsel for respondents, who requested the evaluations in connection with respondents' motion to modify the judgments terminating parental rights. The order specified that the mental health center make the examinations and submit a written report to the court and to counsel. The evaluations of the children indicated unequivocally that the children preferred living with their foster mother, were well adjusted to their foster home and to their school environment, and that it was in their best interest to stay in the foster home. The evaluation of the feme respondent showed that she tested in the "mildly retarded range." She "insisted repeatedly that she was pregnant and had been pregnant continuously for over two years," and "reported that she is hearing voices once or twice a day and that sometimes people whom she can't see, watch her." The evaluation concluded that Ms. Montgomery was not capable of caring for four children given her emotional and intellectual functioning level (i.e., her chronic mental illness and mental retardation).

We perceive no error in the admission of these reports at the hearing of the petitioner's motion for review of visitation. The record reflects that these children were adjudged neglected on 5 September 1980. The court entered a dispositional order granting custody to the Department of Social Services. Pursuant to G.S. 7A-664(a) and (c), the court retains jurisdiction to conduct review hearings and to modify a dispositional order at any time during

the child's minority or until jurisdiction is terminated by court order. Where custody is removed from a parent due to an adjudication of neglect, the court is required by G.S. 7A-657 to conduct periodic review hearings and is required to consider information from "any public or private agency which will aid it in its review." While G.S. 7A-634(b) provides that at *adjudicatory* hearings upon allegations of neglect "the rules of evidence in civil cases shall apply," G.S. 7A-640 provides that a *dispositional* hearing "may be informal and the judge may consider written reports or other evidence concerning the needs of the juvenile."

We believe that the clear intent of the legislature is that a hearing upon a motion for review is in the nature of a dispositional hearing rather than an adjudicatory hearing and that the formal rules of evidence do not apply. Therefore, we hold that the trial court could properly consider the written psychological reports in determining whether the needs of these children would be best served by modification of its previous orders concerning visitation. We further observe that it is apparent from the record that copies of these reports had been made available to respondents well in advance of the hearing and had respondents desired to cross-examine the psychologists, there was certainly sufficient opportunity to secure their voluntary presence at the hearing or to subpoena them. This assignment of error is overruled.

[3] In their next assignment of error respondents argue that the following findings of fact in the order terminating visitation were not supported by the evidence:

9. That it is the best interest of said children that the visitations with their parents should now be terminated for reasons as follows:

(a) That since said children were removed from the home of their parents, they have adjusted well to their foster home placement; that all of said children with exception of Annette Maxwell, expressed their desire to live with their foster parent rather than with the respondent parents; that all of said children identify the foster parent as their parent figure rather than the respondent parents.

(b) That an adoption placement for all four children in the same home is desirable; that the children are advancing in

age; that an adoption placement must be located as soon as possible.

(c) That the question of termination of parental rights has been adjudicated; that a pre-legal adoption placement is possible at this time; such placement will, of necessity, present disruption to said children by the fact of moving said children from the home of their foster parent; that a continuation of visitation by the respondent parents with their children during a potential adoption home placement would create added disruptive consequences for the children.

(d) That in February 1983 all parties to this case agreed that the order of visitation for the respondent parents should be allowed; that at this time the petitioner and the guardian ad litem for said children express to the Court their opinion that it is not now in the best interest of said children for the respondent parents to continue their visitation with said children.

Finding 9(a) is based on the evaluation reports. Findings 9(b), 9(c) and 9(d) are based on the evaluation reports, stipulations, and previous orders in this case. The evidence that supports these findings is competent and uncontradicted.

[4] In their last assignment of error respondents argue that the trial court erred in entering the order discontinuing respondents' visitation rights. Respondents contend that there was no evidence presented that such order would be in the children's best interest. We do not agree.

We have reviewed the entire record and find that the findings of fact are supported by uncontradicted evidence. G.S. 7A-289.34 allows entry of a temporary order pending disposition of an appeal of a termination proceeding. The trial court entered the temporary order allowing respondents to visit the children pending appeal of the termination proceeding *In re Montgomery*. After our Supreme Court affirmed the termination, petitioner moved to dissolve the temporary order allowing visitation pending the appeal. Since the appeal was completed there was no reason to continue the temporary order. Respondents' parental rights were terminated and the best interests of the children required that a permanent home be found for them, G.S. 7A-289.22

(2), *i.e.*, that steps be taken leading to their adoption. The trial court properly concluded that visitation under such circumstances would not be in the best interest of the children and dissolved the temporary order.

Respondents' obviously love their children and desire custody of them, or at least visitation rights. Termination of their parental rights did not result from wilful mistreatment of the children, but from mental and economic inability to provide even marginally adequate care for them. We find it unfortunate that the desires of the parents cannot be reconciled with the best interests of the children. In such cases, however, "it is the child's best interests which is our guiding beacon. Although courts should balance the parents' inherent right to maintain their family unit with the welfare of the minor child, it is the latter that should always prevail, if it is determined that the two interests are conflicting." *In re Montgomery*, 311 N.C. at 116, 316 S.E. 2d at 256.

The order denying the respondents' motion to modify the termination is affirmed.

The order discontinuing visitation is affirmed.

Judges ARNOLD and WELLS concur.