LEE RAY BERGMAN REAL ESTATE RENTALS AND SOUTHERN REPAIR SERVICES, INC., PLAINTIFFS v. NORTH CAROLINA FAIR HOUSING CENTER, DEFENDANT

No. COA01-1286

(Filed 17 September 2002)

**1. Administrative Law— determination of standing—exhaustion of remedies not required**

The trial court had subject matter jurisdiction to grant summary judgment for plaintiffs in an action for a declaratory judgment concerning the standing of defendant to file a complaint with the Human Relations Department of the City of Durham. Although defendant contended that plaintiffs should have been required to exhaust their administrative remedies, the department is not an agency and the Administrative Procedure Act does not apply. Even if the APA did apply, plaintiffs did not have to exhaust administrative remedies because they sought to determine whether defendant had standing and were not seeking judicial review of the Department's decision.

**2. Landlord and Tenant— standing—discrimination claim— discrimination not suffered by defendant**

The trial court correctly determined that a defendant non-profit organization did not have standing to file a housing discrimination claim with the Human Relations Department of the City of Durham because tenants suffered the alleged discrimination rather than defendant. The only injury claimed by defendant was financial, the result of a voluntary investigation.

Appeal by defendant from judgment entered 20 July 2000 by Judge Orlando F. Hudson, Jr. in Durham County Superior Court. Heard in the Court of Appeals 13 June 2002.

*Hutson, Hughes & Powell, PA, by James H. Hughes and William A. Hatch, for plaintiff-appellees.*

*Land Loss Prevention Project, by Stephon Bowens and Don Corbett, for defendant-appellant.*

LEE RAY BERGMAN REAL ESTATE RENTALS v. N.C. FAIR HOUSING CTR.

[153 N.C. App. 176 (2002)]

*North Carolina Justice and Community Development Center, by Jack Holtzman, for North Carolina Justice and Community Development Center, El Centro Hispano, and El Pueblo, amici curiae.*

*Office of the Durham City Attorney, by Emanuel McGirt, Assistant City Attorney, for the City of Durham, amicus curiae.*

THOMAS, Judge.

The North Carolina Fair Housing Center (NCFHC), defendant, appeals the trial court's grant of summary judgment in favor of plaintiffs in this action for declaratory judgment. The trial court based its order on NCFHC not having standing to pursue a claim against plaintiffs before the Human Relations Department of the City of Durham (Department).

For the reasons discussed herein, we affirm.

NCFHC is a non-profit organization whose stated goal is equal and fair housing opportunities for all citizens. It "became aware of a potentially discriminatory pattern" at Meadow Creek Apartments after several complaints were filed by Hispanic residents. The property is owned by Lee Ray Bergman, president of both plaintiff Lee Ray Bergman Real Estate Rentals (Bergman Rentals) and plaintiff Southern Repair Services, Inc.

NCFHC, led by its director, Stella Adams, investigated the complaints and claimed Bergman Rentals was inappropriately charging Hispanic tenants higher rent and fees than other tenants. Plaintiffs, however, maintain that any difference in rent was solely due to restitution owed by tenants for damages they caused. As a result of its investigation, NCFHC filed an administrative complaint with the Department alleging discrimination on the basis of race, color, and national origin, specific to the Meadow Creek tenants. NCFHC amended its complaint to include an assertion of specific injury to itself as an organization, alleging it "diverted resources to identify and counteract the unlawful actions." It claimed to have spent approximately $5,582.54 on the investigation, including $200 per hour for Adams's services and $100 per hour for the services of two of NCFHC's fair housing specialists.

Plaintiffs refused a request by the Department to submit a position statement and instead filed this action in Durham County

LEE RAY BERGMAN REAL ESTATE RENTALS v. N.C. FAIR HOUSING CTR.

[153 N.C. App. 176 (2002)]

Superior Court against both NCFHC and the Department. They requested a declaratory judgment concerning the standing of NCFHC to file the complaint with the Department, as well as a temporary restraining order and preliminary injunction to halt the investigation.

The trial court granted the preliminary injunction. The parties then moved for summary judgment. The Department also moved for a Rule 12 dismissal, claiming it is not a corporation capable of being sued and that service of process was insufficient. The Department's motion was granted. Following hearing, the trial court determined that NCFHC lacked standing to have brought the claim and granted plaintiffs' summary judgment motion. NCFHC appeals.

[1] By its first assignment of error, NCFHC argues the trial court erred in granting plaintiffs' summary judgment motion because the trial court lacked subject matter jurisdiction to hear and decide the issues. NCFHC contends plaintiffs should have been required to exhaust their administrative remedies through the Department before they filed their complaint for declaratory judgment. We disagree.

The Administrative Procedure Act (APA) provides that:

> It is the policy of this State that any dispute between *an agency* and another person that involves the person's rights, duties, or privileges, including licensing or the levy of a monetary penalty, should be settled through informal procedures. In trying to reach a settlement through informal procedures, the agency may not conduct a proceeding at which sworn testimony is taken and witnesses may be cross-examined. If the agency and the other person do not agree to a resolution of the dispute through informal procedures, either the agency or the person may commence an administrative proceeding to determine the person's rights, duties, or privileges, at which time the dispute becomes a "contested case."

N.C. Gen. Stat. § 150B-22 (2001) (emphasis added). However, the general provisions of the APA state that the APA is applicable to agencies. *See* N.C. Gen. Stat. § 150B-1 (2001). "Agency" is defined as:

> an agency or an officer in the executive branch of the government of this State and includes the Council of State, the Governor's Office, a board, a commission, a department, a division, a council, and any other unit of government in the executive branch. *A local unit of government is not an agency.*

LEE RAY BERGMAN REAL ESTATE RENTALS v. N.C. FAIR HOUSING CTR.

[153 N.C. App. 176 (2002)]

N.C. Gen. Stat. § 150B-2(1a) (2001) (emphasis added). Here, the administrative agency at issue is the Department. Because it is not a unit of state government, but rather a local one, it does not fall under the definition of "agency" within the confines of the APA. Thus, since the APA "establishes a uniform system of administrative rule making and adjudicatory procedures for *agencies*[,]" *see* N.C. Gen. Stat. § 150B-1, and the Department is not an agency, the APA does not apply and plaintiffs were not required to exhaust administrative remedies.

Nonetheless, even if the APA did apply, our Supreme Court has held that a plaintiff does not have to exhaust administrative remedies where there is a request for a declaratory judgment and injunction against a commission. *See Charlotte-Mecklenburg Hospital Auth. v. N.C. Industrial Comm.*, 336 N.C. 200, 211, 443 S.E.2d 716, 723 (1994). In *Charlotte-Mecklenburg*, the plaintiff was not seeking the review of an award by the Industrial Commission, but seeking to determine if one of the Commission's rules was valid. Likewise, in the instant case, plaintiffs were not requesting judicial review of the Department's decisions. Instead, they were merely seeking to determine whether NCFHC had standing before the Department. We therefore reject NCFHC's argument that the trial court did not have subject matter jurisdiction.

[2] By its second and third assignments of error, NCFHC contends the trial court erred in concluding it lacks standing. We disagree.

Preliminarily, we note the issue of whether NCFHC has standing is a question of law. *Creeke Pointe Homeowner's Ass'n, Inc. v. Happ*, 146 N.C. App. 159, 164, 552 S.E.2d 220, 224-25 (2001), *disc. review denied*, 356 N.C. 161, 568 S.E.2d 191 (2002). Accordingly, we conduct our review *de novo. Falk Integrated Tech., Inc. v. Stack*, 132 N.C. App. 807, 809, 513 S.E.2d 572, 574 (1999). NCFHC argues it has suffered injury and that the State Fair Housing Act and the Durham Fair Housing Ordinance give it proper organizational standing.

Standing refers to whether a party has a sufficient stake in an otherwise justiciable controversy that he or she may properly seek adjudication of the matter. *Sierra Club v. Morton*, 405 U.S. 727, 31 L. Ed. 2d 636 (1972). To satisfy standing requirements, a plaintiff must show: (1) "injury in fact," or injury that is concrete and particularized, and actual or imminent; (2) causation between the challenged action of the defendant and the injury; and (3) likelihood that the injury will be redressed by a favorable decision. *Transcontinental*

180          IN THE COURT OF APPEALS

LEE RAY BERGMAN REAL ESTATE RENTALS v. N.C. FAIR HOUSING CTR.

[153 N.C. App. 176 (2002)]

*Gas Pipe Line Corp. v. Calco Enter.*, 132 N.C. App. 237, 246, 511 S.E.2d 671, 678 (Wynn, J., concurring) (*citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559, 119 L. Ed. 2d 351, 354 (1992)), *disc. review denied and dismissed*, 351 N.C. 121, 540 S.E.2d 751 (1999).

Our Supreme Court has held that an organization has standing to bring suit on behalf of others only when its members are actually injured. *River Burch Associates v. City of Raleigh*, 326 N.C. 100, 130, 388 S.E.2d 538, 555 (1990). "[W]here an association seeks to recover damages on behalf of its members, the extent of injury to the individual members and the burden of supervising the distribution of any recovery mitigates against finding standing in the association." *Id.*

Here, we must determine whether NCFHC has standing under the State Fair Housing Act, *see* N.C. Gen. Stat. §§ 41A-1 through 41A-10 (2001), and the Fair Housing Ordinance of the City of Durham.

The enforcement provision of the State Fair Housing Act reads as follows:

(a) Any person who claims to have been injured by an unlawful discriminatory housing practice or who reasonably believes that he will be irrevocably injured by an unlawful discriminatory housing practice may file a complaint with the North Carolina Human Relations Commission.

N.C. Gen. Stat. § 41A-7(a) (2001). Likewise, the Durham Fair Housing Ordinance allows any person who has been injured to file a complaint with the Durham Human Relations Commission. Durham City Code, § 8.5-27(A). Under both the Act and the Ordinance, the definition of a "person" includes an association, corporation, or any other legal or commercial entity. N.C. Gen. Stat. § 41A-3(5) (2001); Durham City Code, § 8.5-3(S).

The California Court of Appeals addressed the issue of a fair housing organization's standing in *Midpeninsula Citizens for Fair Housing v. Westwood Investors*, 221 Cal. App. 3d 1377 (1990). The fair housing organization there filed suit under California's Unruh Civil Rights Act to contest the defendant apartment complex's rental policy limiting occupancy to one person per bedroom. Under the Unruh Act, a civil action to enjoin any alleged discriminatory pattern or practice may be brought by "the Attorney General, any district attorney or city attorney, or any person aggrieved by the pattern or practice." Cal. Civ. Code § 52 subd. (c). The California Court of Appeals held that the fair housing organization, whose

only injury was a drain on resources, was not a "person aggrieved" and did not have organizational standing to challenge an apartment complex's alleged discriminatory practices. *See Midpeninsula,* 221 Cal. App. 3d 1377.

Similarly, in the instant case, the tenants are the persons who have allegedly suffered injury. NCFHC does not claim it was discriminated against by plaintiffs. In fact, the only injury claimed by NCFHC is financial, a result of the voluntary investigation. It is therefore not a "person who [can] claim[] to have been injured by an unlawful discriminatory housing practice" within the meaning of the Act or Ordinance. N.C. Gen. Stat. § 41A-7(a); Durham City Code, § 8.5-27(A).

Accordingly, we reject NCFHC's contention as to standing and affirm the judgment of the trial court.

AFFIRMED.

Chief Judge EAGLES and Judge TYSON concur.