STEPHEN GORSUCH, Petitioner v. LESLEY ARLYS DEES, and A.B.D.,
A minor child, Respondents

No. COA04-1413

(Filed 6 September 2005)

**1. Termination of Parental Rights— attempt to legitimize child after parental rights terminated**

The trial court did not err by concluding that petitioner had no standing or right under the law to legitimate a minor child after petitioner's parental rights as to the child had been terminated several years prior, because: (1) petitioner's rights and responsibilities as a biological, putative, or any other category of father ceased upon the termination of his parental rights which completely and permanently terminated all rights and obligations of the parent to the juvenile, N.C.G.S. § 7B-1112; and (2) petitioner's argument that the "permanent" termination of his parental rights could allow for modification and restoration is without merit.

**2. Appeal and Error— preservation of issues—failure to cite authority**

Although petitioner contends the Assistant Clerk of Court erred and abused her discretion in setting aside her prior legitimation order, this assignment of error is dismissed, because: (1)

GORSUCH v. DEES

[173 N.C. App. 223 (2005)]

petitioner failed to cite any authority for this argument as required by N.C. R. App. P. 28(b)(6) and merely "reasserts Argument I;" and (2) petitioner's first argument was found to be without merit and likewise this argument is without merit.

Appeal by Petitioner from orders entered 18 December 2003 and 26 April 2004 by Lynne D. Murray, Assistant Clerk of Superior Court, Wake County, and Judge Evelyn W. Hill in Superior Court, Wake County. Heard in the Court of Appeals 13 June 2005.

*Cheshire, Parker, Schneider, Bryan & Vitale, by Jonathan McGirt, for petitioner-appellant.*

*Sally H. Scherer, for respondent-appellees.*

WYNN, Judge.

"An order terminating the parental rights completely and permanently terminates all rights and obligations of the parent to the juvenile . . . ." N.C. Gen. Stat. § 7B-1112 (2004). Petitioner Stephen Gorsuch argues that, despite having had his parental rights as to A.B.D. terminated, he nevertheless had standing to legitimate the minor child. Because a prior termination order completely and permanently terminates a parent's rights and responsibilities, we affirm the trial court's ruling that Petitioner had no standing to legitimate A.B.D.

Petitioner's parental rights were terminated as to A.B.D on 16 November 1999 under an order stating: "The biological father, Stephen D. Gorsuch, has willfully abandoned the minor child . . . in that he has had only minimal contact with the minor child since her birth and he has withheld his love, his care, his affection and has neglected and refused to perform his natural and legal obligations of parental care and support of the minor child[;]" and that "[i]t is in the minor child's best interests that all parental rights of Stephen D. Gorsuch, the biological father of the minor child, A.B.D., be terminated."

Petitioner did not appeal from the order of termination.[1] Instead, after his parental rights had been terminated, Petitioner brought an

---

1. Petitioner moved to set aside the termination order on 8 December 2003. From the denial of that motion on 16 February 2004, Petitioner appealed to this Court. The opinion in that matter is being filed simultaneously with this opinion. *In re A.B.D.* —— N.C. App. ——, —— S.E.2d —— (filed 6 September 2005). Because we hold in *In re A.B.D* that the termination order was void, the issue on appeal here would appear to be moot. Nevertheless, as this appeal presents a novel issue of law, we address it.

action for custody and support of the minor child. On 13 October 2000, Petitioner and Respondent (natural mother of A.B.D.) entered into a Consent Order For Custody And Child Support "effectuating their agreements[.]" In the consent order, the parties agreed that "it is in the best interest of the minor child that she remain in the custody of [Respondent] but that [Petitioner] have regular visitation and play an active role in the child's life."

On 13 November 2002, Petitioner brought this action to legitimate A.B.D. The Assistant Clerk of Court entered a legitimation order on 5 February 2003, ordering "that said child is legitimated" and "that North Carolina Vital Records amend birth certificate to reflect father's name . . . ." However, on 18 December 2003, the Assistant Clerk of Court set aside the legitimation order, stating that the legitimation order "was improvidently granted because of the lack of information regarding the termination of parental rights, and the order would not have been issued or granted had the undersigned known of the termination." Petitioner appealed to Superior Court, Wake County, which, on 26 April 2004 issued an order setting aside the legitimation order. The trial court found that "[a]s a result of the termination, Petitioner has no standing or right to bring an action to legitimate A.B.D., and the Clerk correctly set aside the legitimation order which she had entered before knowing about the termination of Petitioner's parental rights."

---

**[1]** On appeal to this Court, Petitioner first argues that the trial court erred in concluding that Petitioner had no standing or right under the law to legitimate A.B.D. because his parental rights as to the child had been terminated.

"Preliminarily, we note the issue of whether [a party] has standing is a question of law. Accordingly, we conduct our review *de novo*." *Lee Ray Bergman Real Estate Rentals v. N.C. Fair Hous. Ctr.*, 153 N.C. App. 176, 179, 568 S.E.2d 883, 885 (2002) (citations omitted).

Section 7B-1112 of our General Statutes, delineating the purpose of a termination of parental rights, states:

*An order terminating the parental rights completely and permanently terminates all rights and obligations of the parent to the juvenile* and of the juvenile to the parent arising from the parental relationship, except that the juvenile's right of inheritance from the juvenile's parent shall not terminate until a final order of adoption is issued.

N.C. Gen. Stat. § 7B-1112 (emphasis added); *see also Owenby v. Young*, 357 N.C. 142, 145, 579 S.E.2d 264, 267 (2003) ("With the exception of a child's right to inherit from a parent, a termination of parental rights order completely and permanently severs all rights and obligations of the parent to the child and the child to the parent." (citation omitted)); *In re Montgomery*, 77 N.C. App. 709, 712, 336 S.E.2d 136, 138 (1985) (Where parents' parental rights were terminated, "they no longer have any constitutionally protected interest in the [] minor children.").

In stark contrast, section 49-11 of our General Statutes, delineating the effects of legitimation, makes plain that the purpose of legitimation is to establish a parent's rights and responsibilities:

> *The effect of legitimation under G.S. 49-10 shall be to impose upon the father and mother all of the lawful parental privileges and rights, as well as all of the obligations which parents owe to their lawful issue,* and to the same extent as if said child had been born in wedlock, and to entitle such child by succession, inheritance or distribution, to take real and personal property by, through, and from his or her father and mother as if such child had been born in lawful wedlock.

N.C. Gen. Stat. § 49-11 (2004) (emphasis added).

While we have found no North Carolina precedent addressing the issue in this case, we find *Krauss v. Wayne County Dep't of Soc. Servs.*, 347 N.C. 371, 493 S.E.2d 428 (1997), to be instructive. In *Krauss*, a father whose parental rights had been terminated filed an action seeking custody as an "other person" under N.C. Gen. Stat. § 50-13.1(a) (1995). The trial court dismissed the complaint, this Court affirmed, and our Supreme Court also affirmed, holding that the plaintiff lacked standing, even as an "other person," to seek custody. *Id.* at 375, 493 S.E.2d at 431. The termination order divested the father of any right to seek/re-obtain custody. *Id.*

Here, Petitioner sought to legitimate a child as to whom his parental rights had been terminated several years prior to his legitimation action. While Petitioner may be correct that he "is the one and only person in the world who could possibly be the 'putative father' of A.B.D.," his rights and responsibilities as a biological, putative, or any other category of father ceased upon the termination of his parental rights, which "completely and permanently terminate[d] all rights and obligations of the parent to the juvenile . . . ." N.C. Gen. Stat. § 7B-1112.

GORSUCH v. DEES

[173 N.C. App. 223 (2005)]

We find unconvincing Petitioner's argument that "permanent" as used in North Carolina General Statutes section 7B-1112 should be construed as temporary and modifiable to be without merit. "Where the statutory language is clear and unambiguous, the Court does not engage in judicial construction but must apply the statute to give effect to the plain and definite meaning of the language." *Carolina Power & Light Co. v. City of Asheville*, 358 N.C. 512, 518, 597 S.E.2d 717, 722 (2004) (quotation omitted). Dictionaries may be used to determine the plain meaning of language. *State v. Martin*, 7 N.C. App. 532, 533, 173 S.E.2d 47, 48 (1970). Permanent means "continuing or enduring (as in the same state, status, place) without fundamental or marked change; not subject to fluctuation or alteration[.]" *Webster's Third New International Dictionary* 1683 (1971). We find Petitioner's argument that the "permanent" termination of his parental rights could allow for modification and restoration to be without merit.

In sum, we find Petitioner's argument that the trial court erred in concluding that Petitioner had no standing or right under the law to legitimate A.B.D. because his parental rights had been terminated to be without merit.

**[2]** Petitioner next argues that the Assistant Clerk of Court erred and abused her discretion in setting aside her prior legitimation order. In violation of Appellate Rule of Procedure 28(b)(6), Petitioner fails to cite any authority for this argument and merely "reasserts Argument I." N.C. R. App. P. 28(b)(6). Further, since we found Petitioner's first argument to be without merit, this argument is likewise without merit.

Affirmed.

Chief Judge MARTIN and Judge TIMMONS-GOODSON concur.