SOUTHSTAR FUNDING,
L.L.C., Plaintiff,

v.

WARREN, PERRY & ANTHONY,
P.L.L.C. and James S. Warren, Defendants and Third–Party Plaintiffs,

v.

Marjorie HARRIS and Brenda
Williams, Third–Party
Defendants.

No. 5:05 CV 410 H.

United States District Court,
E.D. North Carolina.
Western Division.

Aug. 2, 2006.

Janet J. Higley, Parks, Chesin & Walbert, PC, Charlotte, NC, for Southstar Funding, L. Southstar Funding, LLC, Plaintiff.

Kenneth C. Haywood, Boxley, Bolton, Garber & Haywood, LL, Ronald Hill Garber, Raleigh, NC, for Warren, Perry & Anthony, P.L.L.C., James S. Warren, Defendants.

## ORDER

MALCOM J. HOWARD, Senior District Judge.

This matter is before the court on defendants' motion to dismiss this action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure [DE # 20]. Plaintiff has responded and the time for further filings has expired. This matter is ripe for adjudication.

### STATEMENT OF THE CASE

Plaintiff SouthStar Funding, L.L.C., brought this action in diversity on June 14, 2005, alleging that defendant James S. Warren, a manager and attorney member of defendant Warren, Perry & Anthony P.L.L.C., mishandled a mortgage loan closing at which he was the closing attorney and plaintiff's representative. Plaintiff's complaint alleges breach of contract, breach of fiduciary duty, ordinary and professional negligence, and negligent misrepresentation, and includes a separate "count" asking for an award of attorneys' fees.

In its prayer for relief, plaintiff seeks $43,021.40 in actual damages and $120,000 in punitive damages "to punish and deter Defendants from such breach of fiduciary duties and fraud in the future." (Compl. 21.) Defendants brought the motion presently before the court pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that the allegations set forth in the complaint, even if proven, fail to support an award of punitive damages, and that this action should therefore be dismissed for failure to satisfy the $75,000 amount in controversy requirement set forth in Title 28, United States Code, Section 1332(a).

### COURT'S DISCUSSION

The court will dismiss this action for lack of subject matter jurisdiction if it appears to a legal certainty that the requisite amount in controversy is not recoverable. *See Wiggins v. North American Equitable Life Assur. Co.,* 644 F.2d 1014, 1016–17 (4th Cir.1981) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 288–89, 58 S.Ct. 586, 82 L.Ed. 845 (1938)); *Packard v. Provident Nat. Bank,* 994 F.2d 1039, 1045–46 (3rd Cir.1993) (also quoting *Red Cab*). Plaintiff seeks punitive damages in relation to its claim for breach of fiduciary duty. (Compl. 21; Pl.'s Resp. Mot. Dismiss 9.) The court will scrutinize this claim closely to determine whether it has been asserted solely to confer jurisdiction. *See Packard,* 994 F.2d at 1046 (internal citation omitted).

Plaintiff offers several arguments regarding the sufficiency of its claim for punitive damages under the general rules of pleading and the rules for pleading special matters. Fed.R.Civ.P. 8, 9. These arguments are misplaced, inasmuch as they ignore that defendants have raised the issue of subject matter jurisdiction, not the sufficiency of plaintiff's pleadings. While a motion under Rule 12(b)(6) or 12(c) would allow the plaintiff to respond passively, as it has done here, a challenge under Rule 12(b)(1) requires more.

When a challenge is raised to the factual basis for subject matter jurisdiction under Rule 12(b)(1), the plaintiff bears the burden of proving that subject matter jurisdiction exists. *See Richmond, Fredericksburg & Potomac R. Co. v. United States,* 945 F.2d 765, 768 (4th Cir.1991).

When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside

the pleadings without converting the proceeding to one for summary judgment."

*Evans v. B.F. Perkins, Co.,* 166 F.3d 642, 647 (4th Cir.1999). The district court applies the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts to demonstrate the existence of a genuine issue of material fact. *Richmond,* 945 F.2d at 768. The court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

### A. Punitive Damages for Breach of Fiduciary Duty

■ Plaintiff's complaint misstates the law governing awards of punitive damages for breaches of fiduciary duty. (Compl. ¶ 70, "Defendants' breach of fiduciary duties carries with it the automatic imposition of punitive damages....") In actuality, to recover punitive damages for a breach of fiduciary duty under North Carolina law, a plaintiff must prove the defendant's liability for compensatory damages and one of the following aggravating factors: (1) fraud, (2) malice, or (3) willful or wanton conduct. N.C. Gen.Stat. Ann. § 1D–15 (West 2005). Plaintiff's complaint does not allege any facts that would tend to show fraud, malice, or willful or wanton conduct. The complaint does not even contain so much as a bald assertion that any of the three aggravating factors exist, save for the simple statement in the prayer for relief that punitive damages should be awarded "to punish and deter Defendant from such breach of fiduciary and fraud in the future." (Compl.21.) This omission strongly suggests that plaintiff's claim for punitive damages is without basis and has been asserted solely to confer jurisdiction on this court.

All of this was raised by defendants in their memorandum in support of their motion to dismiss. Tellingly, plaintiff has done nothing of note to respond to defendants' jurisdictional challenge—it has not set forth a single specific fact to put the jurisdictional issue in dispute. Defendant is therefore entitled to judgment as a matter of law. *Richmond,* 945 F.2d at 768.

### B. Sufficiency of the Pleadings

■ Even if the court were to confine its analysis to the sufficiency of plaintiff's pleadings, without requiring plaintiff to bring forth any proof in support of its allegations, the claim for punitive damages would fail, thereby placing the amount in controversy below the jurisdictional threshold.

In spite of the absence of allegations regarding fraud, malice, or willful or wanton conduct in the complaint, plaintiff argues that it has met its burden under the general rules of pleading and that its complaint is sufficient to survive a motion to dismiss. Plaintiff cites the case of *Swierkiewicz v. Sorema, N.A.,* 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002), for the proposition that Rule 8(a)(2) of the Federal Rules of Civil Procedure requires no more than notice to the defendant of the claim and the grounds upon which it rests. Even under plaintiff's expansive view of the pleading rules, its claim cannot survive. Plaintiff cites only one example of how the requisite notice has been provided to defendants in this case (Pl.'s Resp. Mot. Dismiss 11 n. 34 and accompanying text), and the example given merely demonstrates that defendant was on notice of the grounds for plaintiff's claim for breach of fiduciary duty, *not* its claim for punitive damages. Aside from the example provided by plaintiff, this court has conducted its own independent review of the complaint and other documents submitted in this

matter, and having done so finds that defendant has not been put on notice of the grounds upon which plaintiff's claim for punitive damages rests.

Moreover, plaintiff's reading of *Swierkiewicz* understates the pleading requirement. The Fourth Circuit Court of Appeals has explained that *Swierkiewicz* "did not alter the basic pleading requirement that a plaintiff set forth facts sufficient to allege each element of his claim." *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir.2002) (citing *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir.2002)). Plaintiff does not even attempt to claim, and cannot credibly assert based on the allegations contained in its complaint, that it has met its burden under the pleading standard as set forth in *Dickson* and *Iodice*.

Plaintiff also recognizes that Rule 9 of the Federal Rules of Civil Procedure contains special rules for the pleading of certain matters. (Pl.'s Resp. Mot. Dismiss 10.) Rule 9 requires that averments of fraud be stated with particularity. This heightened pleading standard is not met by plaintiff's inclusion of the word "fraud" in one of its prayers for relief. But even analyzing the jurisdictional arguments presented by defendants' motion as a conflict between ordinary and heightened pleading standards goes too far.

### C. Dismissal and Tolling of Statute of Limitations

Plaintiff asks the court to exercise its discretion under Rule 41(b) of the North Carolina Rules of Civil Procedure and to specify that a new action based on the same claim may be commenced within one year or less after the dismissal of the instant action. Defendants have not replied in opposition to plaintiff's request.

Resolving this issue requires this court to choose between applying state and federal law. If the court applies Rule 41 of the Federal Rules of Civil Procedure, which does not include the one year saving provision, the voluntary dismissal of this action without prejudice will place the parties in a position as though the action had never been filed. If, instead, the court applies the North Carolina rule, it may allow plaintiff to refile in state court within a year.

This court agrees with the conclusion reached in *Haislip v. Riggs*, 534 F.Supp. 95, 98 (W.D.N.C.1981), that Rule 41(a) of the North Carolina Rules of Civil Procedure is a tolling provision legislatively adopted that falls into a category of substantive matters of state law to be followed by this court absent substantial countervailing federal interests. No such interests having been raised by defendants or otherwise appearing, this court will follow plaintiff's proposed course of action.

### CONCLUSION

Based on the foregoing, defendants' motion to dismiss [DE # 20] is GRANTED, and this matter is DISMISSED WITHOUT PREJUDICE. A new action based on the same claim may be commenced within one year or less after the date this order is filed.

The clerk is directed to close the case.